**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: ) | BAP No.   NC-15-1175-TaJuKi |
| ) | |
| RODOLFO VELASQUEZ, ) | Bk. No.   3:14-bk-30344 |
| ) | |
| Debtor. ) | |
| _____) | |
| ) | |
| RODOLFO VELASQUEZ, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | **MEMORANDUM**[*] |
| ) | |
| DAVID BURCHARD, Chapter 13 ) | |
| Trustee, ) | |
| ) | |
| Appellee. ) | |
| _____) | |

Argued and Submitted on July 28, 2016
at San Francisco, California

Filed – August 9, 2016

Appeal from the United States Bankruptcy Court
for the Northern District of California

Honorable Dennis Montali, Bankruptcy Judge, Presiding

Appearances:   Rodolfo Velasquez argued pro se; Brisa C. Ramirez argued for appellee.

Before:   TAYLOR, JURY, and KIRSCHER, Bankruptcy Judges.

_____

[*]   This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1(c)(2).

**INTRODUCTION**

Chapter 13[1] debtor Rodolfo Velasquez appeals from an order dismissing his chapter 13 case. We AFFIRM.

**FACTS**

The Debtor, pro se, filed a chapter 13 case in March 2014. He scheduled ownership of real property located in San Francisco, California (the "Property"). The record shows that the Debtor essentially had two creditors: Bank of America N.A. and JPMorgan Chase Bank. Bank of America holds a note secured by a deed of trust against the Property. The Debtor's schedules also showed ownership of limited personal property assets and that the Debtor had no unsecured creditors. His second amended chapter 13 plan provided for de minimus payments to the taxing authorities. This was not an obviously complicated chapter 13 case.

The Debtor was not punctilious in performing his duties as a chapter 13 debtor. He failed to attend a continued § 341(a) meeting of creditors, and he eventually stopped making plan payments.

He also struggled to propose a viable chapter 13 plan. He filed several but received objections from both Bank of America and Chase.[2] Rather than concentrate on his chapter 13 debtor obligations, the Debtor focused his energy on insisting that Chase modify its loan and leveling accusations of fraud against

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

[2] Bank of America subsequently withdrew its objection to the last in-time proposed plan.

2

Bank of America. The Debtor asserted, in particular, that Bank of America fraudulently claimed that he owed $35,732.30 in arrearages on the debt secured by the Property.

After months of the Debtor filing unconfirmable plans and following a payment default and a failure to appear at a continued § 341(a) meeting, the Trustee moved to dismiss the chapter 13 case. He asserted that cause to dismiss existed based on unreasonable delay that was prejudicial to creditors under §§ 1307(c)(1) and 1307(c)(4).[3]

The Debtor opposed, but his argument reflected his inappropriate focus on his perceived injury at the hands of Bank of America. He, thus, renewed his claim that Bank of America was committing fraud against him and now asserted that the Trustee was derelict in an alleged duty to prosecute Bank of America for fraud. He more relevantly contested that he was in default of plan payments and less helpfully maintained that he would not attend another § 341(a) meeting until the issues relating to Bank of America were resolved.

At the hearing, the Trustee informed the bankruptcy court that the Debtor had not made any payments to the Trustee for nearly five months. In ruling, the court relied on this factor; it also emphasized that the Debtor insisted on repeating nonavailing arguments regarding the alleged fraud by Bank of America and his desire for a loan modification from Chase Bank

---

[3] The Trustee also sought case dismissal based on the Debtor's failure to turn over his income tax return for the prior tax year pursuant to § 521(e)(2)(A)(I) and (B). Apparently, the Debtor responded by providing those documents to the Trustee.

and failed to cooperate appropriately in a mediated resolution of his disputes with Bank of America. The bankruptcy court, thus, acknowledged the total lack of case progress and the negative impact of the Debtor's action and inaction and dismissed the case.

Following the bankruptcy court's entry of an order dismissing the case, the Debtor timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE[4]

Whether the bankruptcy court abused its discretion in dismissing the Debtor's bankruptcy case.

## STANDARD OF REVIEW

We review the bankruptcy court's dismissal of a chapter 13 bankruptcy case pursuant to § 1307(c) for an abuse of discretion. Schlegel v. Billingslea (In re Schlegel), 526 B.R. 333, 338 (9th Cir. BAP 2015). A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or if its factual findings are illogical, implausible, or without support in inferences that may be drawn from the facts in the record. See TrafficSchool.com, Inc. v. Edriver Inc., 653 F.3d 820, 832 (9th Cir. 2011) (citing United States v. Hinkson, 585 F.3d 1247,

---

[4] The Debtor identifies six issues on appeal. The majority of these are nonsensical, irrelevant, or beyond the scope of this appeal.

4

1262 (9th Cir. 2009) (en banc)).

We may affirm the decision of the bankruptcy court on any basis supported by the record. See Hooks v. Kitsap Tenant Support Servs., Inc., 816 F.3d 550, 554 (9th Cir. 2016).

**DISCUSSION**[5]

Section 1307(c)(1) permits the bankruptcy court to dismiss a chapter 13 case based on unreasonable delay by the debtor that is prejudicial to creditors. Here, the bankruptcy court found dismissal appropriate.

At the time of dismissal, the chapter 13 case had been actively pending for nearly 14 months and a confirmable plan was not in sight. The Debtor's second amended plan – the fourth proposed plan overall - was facially problematic. First, it continued to require a loan modification by Chase that was opposed. In addition, it potentially required monthly payments by the Trustee to Bank of America in excess of the amount of the Debtor's monthly plan contribution.

The Debtor remained distracted by the alleged Bank of America fraud, and these disputes were not anywhere near resolution.[6] At the bankruptcy court's suggestion, the Debtor

---

[5] The Trustee did not request conversion as an alternative under § 1307(c). Thus, the bankruptcy court did not err in dismissing the case without discussing whether conversion was appropriate.

[6] The Debtor, in fact, argues that the Trustee was derelict in his duties to the estate in neglecting to pursue Bank of America for fraud. This argument is without merit. Aside from the fact that this goes beyond the scope of this appeal, nothing in this record suggests that the Trustee was

(continued...)

5

agreed to participate in a mediation with Bank of America. The bankruptcy court also instructed the Debtor to supply Bank of America with his documentation of payments on the loan within the two-week period after the hearing on the Debtor's objection to the bank's proof of claim. He did neither.

And while Debtor continued in a non-productive and inadequately supported attack on Bank of America, he neglected the most basic of chapter 13 debtor duties. There is no dispute that at the time of case dismissal, the Debtor had not made any payments to the Trustee for nearly five months. At oral argument, he initially contested that he had defaulted on plan payments. On rebuttal and following confirmation of payment default by the Trustee,[7] the Debtor admitted that he had stopped making plan payments but argued that he had a discussion with the Trustee advising him of the payment cessation pending resolution of the alleged fraud of Bank of America. What the Debtor fails to appreciate is that he proposed the monthly plan payment; as a chapter 13 debtor he could not unilaterally decide to cease the plan payments provided for in the plan he proposed.

The Debtor also refused to continue and complete the § 341(a) meeting process. The Trustee could not administer the case appropriately until the § 341(a) process was concluded.

On this record, the bankruptcy court did not abuse its

[6](...continued)
derelict in his duties to the estate.

[7] The Trustee confirmed at oral argument that the last payment received was on December 23, 2014, in the amount of $175.

6

discretion in determining that cause existed to dismiss the chapter 13 case for unreasonable delay detrimental to creditors. The Debtor was not funding his chapter 13 case, the Debtor was not proposing viable plans, and the Debtor was not making progress in clearing the confirmation road blocks.  After 14 months, and on this record, none of these causes of delay were reasonable, and the detriment to creditors was clear.[8]

**CONCLUSION**

Based on the foregoing, we AFFIRM.

[8] At oral argument, the Debtor requested that to the extent the Panel affirmed the case dismissal, that it be done without prejudice.  The bankruptcy court, however, did not dismiss the case with prejudice.  Thus, we disregard the Debtor's request.

7